UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ERIK KARLSEN,

        Plaintiff,

   v.

GEICO, et al.,

        Defendants.

Civil No. 20-0460

**OPINION**

---

**APPEARANCES**:

ERIK KARLSEN
30 WHITE OAK COURT
MONMOUTH JUNCTION, NJ 08852

   *Plaintiff, appearing pro se*

TRICIA B. O'REILLY
WALSH PIZZI O'REILLY FALANGA LLP
THREE GATEWAY CENTER
100 MULBERRY STREET
15TH FLOOR
NEWARK, NJ 07102

   *On behalf of Defendants*

**HILLMAN, District Judge**

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for failure to comply with Federal Rule of Civil Procedure 4(m).  (ECF No. 5.)  For the reasons expressed below, Defendants' Motion will be granted.

1

**BACKGROUND**

Plaintiff filed suit against Defendants on January 14, 2020. (ECF No. 1.) Plaintiff also filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application) pursuant to 28 U.S.C. § 1915(a)(1). (Id.) This Court screened Plaintiff's complaint, granted his IFP application, and ordered the clerk to issue a summons and the U.S. Marshals Service ("USMS") to serve a copy of the complaint, summons, and the Court's Order upon the Defendants on January 16, 2020. (ECF No. 2.)

On January 16, 2020, the Clerk's Office sent a letter to the Plaintiff notifying him that he must complete and return to the USMS a USMS 285 Form ("285 Form") to allow him to serve his complaint on Defendants through the USMS. (ECF No. 3.) The Clerk's Office explained that Plaintiff must complete and return the 285 Form to the USMS within thirty days and explicitly warned that "the USMS Will NOT serve the summons and complaint unless it receives a form for that defendant." (Id.) Moreover, the Clerk's Office placed Plaintiff on notice that he is required to serve his complaint on each Defendant within 90 days of the date the complaint was filed. The Clerk's Office further explained that if within 90 days of the filing of the complaint Plaintiff has not made service or requested an extension of time, then the "court may dismiss this action for failure to

prosecute under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure." (Id.)  To date, Plaintiff has failed to submit his 285 Form to USMS or serve Defendants.  Accordingly, Defendants filed a Motion to Dismiss Plaintiff's Complaint on August 3, 2020 for failure to comply with Federal Rule of Civil Procedure 4(m).

## DISCUSSION

Plaintiff's Complaint against Defendants will be dismissed for Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m).  Rule 4(m) provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  FED. R. CIV. P. 4(m).  Showing good cause "'requires a demonstration of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified by the rule.'"  John Vorpahl v. The Kullman Law Firm, No. 17-1693, 2018 WL 813879, at *2 (D.N.J. Feb. 8, 2018) (quoting Veal v. United States, 84 F. App'x 253, 256 (3d Cir. 2004)).

3

Three factors are considered when determining whether good cause exists: "'(1) reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve.'" Id. (quoting MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995)). Even if a plaintiff fails to show good cause, however, the district court must still consider whether any additional factors warrant a discretionary extension of time. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995).

Although courts must liberally construe submissions by *pro se* parties, Plaintiff's *pro se* status does not exempt him from compliance with this Court's applicable rules. See Jones v. Sec'y Pennsylvania Dep't of Corr., 589 F. App'x 591, 593 (3d Cir. 2014) ("Although we liberally construe pro se filings, [plaintiff] is not exempt from procedural rules or the consequences of failing to comply with them."). Plaintiff has not provided the Court with any information as to why he has not served Defendants. "If service is put in issue by a defendant, a plaintiff has 'the burden of proving proper service.'" McCray v. Unite Here, No. 13-6450, 2014 WL 2611830, at *1 (D.N.J. June 11, 2014) (quoting River Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992); citing Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993)).

4

The Docket reflects that on December 9, 2020 a Certificate of USMS was filed explaining the USMS certified that the 285 Form was not received by December 9, 2020.  (ECF No. 10.)  It does not appear that Plaintiff has made any effort at all to effect service on Defendants despite the Clerk's letter warning Plaintiff his matter may be dismissed if he fails to serve the Defendants within 90 days.  While the case is relatively new and prejudice to the Defendant unlikely, Plaintiff has not offered any opposition to Defendants' motion or sought an extension of time.  Moreover, while the Court recognizes its power to do so, after an examination of the limited record thus far there are no apparent additional factors that would warrant a discretionary extension of time by the Court *sua sponte*.  On balance, the proper remedy here is dismissal without prejudice.  Thus, Plaintiff's lack of compliance with Rule 4(m) warrants the dismissal of his claims against Defendants without prejudice.

## CONCLUSION

For the reasons stated above, the Court will grant Defendants' Motion to Dismiss.  An appropriate Order will be entered.


Date: December 18, 2020           s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.